UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-mj-681 (TNL)

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) FINDING OF PROBABLE CAUSE |
|  | ) AND ORDER OF DETENTION |
| SHADOR TOMMIE CORTEZ JACKSON, | ) |
| Defendant. | ) |

This matter came before the Court on September 16, 2020, for a hearing on probable cause and detention. The Defendant Shador Tommie Cortez Jackson appeared in custody and was represented by his appointed counsel, Craig Cascarano. The United States was represented by Assistant United States Attorneys Chelsea A. Walcker and John Docherty. The hearing was held via video teleconference ("VTC") due to the COVID-19 pandemic. Mr. Jackson was informed of his right to an in person hearing, but consented to the hearing proceeding by VTC.

Mr. Jackson is presently charged by a criminal complaint. At the hearing, Mr. Jackson did not contest probable cause and waived the preliminary hearing. Counsel for both parties presented arguments related to detention. Pretrial Services prepared a bond report recommending that Mr. Jackson be detained pending trial.

After considering the Pretrial Services report, the arguments of counsel, the serious nature of the current charge, the fact that arson is a presumptive detention charge (18 U.S.C. § 3142(e)(3)(C)), and the factors listed in 18 U.S.C. § 3142(g), the Court concluded as follows. First, the Court found that there was probable cause to

support the charge against Mr. Jackson in the criminal complaint. Second, the Court found that Mr. Jackson did not rebut the presumption of detention, and further found that the United States met its burden to show: (a) by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Mr. Jackson's appearance as required at future court proceedings, and (b) by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. Accordingly, the Court grants the United States' motion for detention.

## **FINDINGS OF FACT**

1. Mr. Jackson is charged with arson, in violation of 18 U.S.C. § 844(i). Arson carries a five-year mandatory minimum sentence with a 20-year maximum sentence.

2. The affidavit of Special Agent Sara Thomas filed in support of the criminal complaint supports the conclusion that there is probable cause to believe that Mr. Jackson committed the crime charged. Solely for the purpose of setting detention, the Court finds that the weight of this evidence against Mr. Jackson is significant.

3. The facts and circumstances of the crime with which Mr. Jackson is charged are serious. It is alleged that on August 26, 2020, Mr. Jackson caused fire damage to the Target headquarters building by starting a fire inside the building.

4. The bond report indicates that Mr. Jackson has numerous prior criminal convictions, including a recent conviction of assault with a dangerous weapon.

Mr. Jackson has at least two prior felony convictions. The bond report details that Mr. Jackson's prior convictions include incidents involving violent conduct.

5. The bond report indicates that Mr. Jackson has a history of substance abuse.

6. The bond report indicates that Mr. Jackson committed the present alleged offense while under supervision.

**CONCLUSIONS OF LAW**

Based upon the foregoing, the Court makes the following conclusions of law:

1. There is probable cause to believe that Mr. Jackson committed the crime charged in the complaint.

2. Mr. Jackson has failed to rebut the rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(C).

3. Based on the Pretrial Services bond report, the arguments of counsel, the serious nature of the pending charge, the weight of the evidence, Mr. Jackson's criminal history involving violence, Mr. Jackson's history of substance abuse, and non-compliance with court-ordered conditions of supervision, and considering the factors outlined in 18 U.S.C. § 3142(g), no condition or combination of conditions will reasonably assure Mr. Jackson's appearance as required for future proceedings, or the safety of the community should he be released pending trial. *See United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing that either danger to the community or risk of flight is sufficient to authorize detention).

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention is **GRANTED**;

2. The Defendant is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. The Defendant shall be afforded reasonable opportunity to consult privately with counsel; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated: September 17, 2020.

*s/Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge